IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40877
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GASPAR GARCIA-RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-356-1
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gaspar Garcia-Rodriguez appeals his guilty-plea conviction for illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326. He argues that in view of Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000), his prior felony conviction was an element of the offense under 8 U.S.C. § 1326(b)(2), and not merely a sentence enhancement. He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998). Because the Supreme Court has not overruled Almendarez-Torres, this court is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

compelled to follow it.  See <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).

Garcia also argues that the indictment was defective under the Fifth and Sixth Amendments because it did not allege general intent.  Because Garcia did not challenge his indictment on this basis in the district court, we review whether it was constitutionally sufficient under a "maximum liberality" standard.  See <u>United States v. Guzman-Ocampo</u>, 236 F.3d 233, 236 (5th Cir. 2000).  Garcia's indictment "fairly imported that his reentry was a voluntary act" and satisfied the constitutional requirements of a valid indictment.  See <u>id.</u> at 236, 239 & n.13.

AFFIRMED.